IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TAURUS IP, LLC, a Wisconsin Limited
Liability Corporation,

                     Plaintiff,

      v.

TOYOTA MOTOR NORTH AMERICA,
INC., TOYOTA MOTOR SALES USA,
INC., *et al.*,

ORDER

3: 07-cv-00158-bbc

---

      On December 6, 2007 this court held a telephonic hearing on the four pending discovery motions in this case. Both sides were represented by counsel. After discussing the motions with both sides, I took these actions:

      Docket 226: Plaintiff's Motion to Compel. I granted this motion in part and denied it in part. In consultation with defendants, plaintiff shall have until December 10, 2007 within which to finalize its requests for production of additional documents. Defendants shall have until December 21, 2007 within which to produce the documents. It is incumbent upon defendants to persuade Trilogy and Critical Mass timely to produce all requested code. Failure to do so will result in whatever sanctions against defendants are just.

      Docket 252: Defendants' Motion for a Protective Order Based On Plaintiff's Alleged Failure to Attend Depositions. As discussed at the hearing, this motion currently is academic, so I denied it without prejudice. In the event this dispute resurfaces, the parties may revisit it with the court.

Docket 273: Defendants' Motion for a Protective Order for Future 30(b)(6) Witness Depositions, To the extent that this dispute has narrowed to defendants' organizational structure, it is granted. Plaintiff may not take further discovery on these matters.

Docket 300: Defendants' Motion to Compel and Enforce the Stipulation: As discussed at the hearing, I denied this motion as moot.

To facilitate efficient discovery, I extended the damages expert disclosure deadlines to December 21, 2007 for first experts and January 22, 2008 for second experts. Witnesses relevant to damages (other than the actual experts) must be deposed by December 17, 2007. With all of the issues addressed in the discovery motions (and new issues that may arise) the parties have their usual meet-and-confer obligation. In the event that agreement eludes them, the parties are forbidden from engaging in discovery self-help, and will be punished for doing so. Instead, the parties must bring their unresolvable discovery disputes promptly to the court's attention. The court will address and rule on the motions promptly; if necessary, the court will hold telephonic hearings as quickly as possible to resolve discovery disputes. Each side shall bear all its own costs on these four motions.

Entered this 10th day of December, 2007.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge